**James Aponte GAYAPA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70385.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 13, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

J. Antonio Nierras, Tancinco Law Offices, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Sarah L. Weyler, Esq., U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

James Aponte Gayapa, and his wife, Elena Ramaron Gayapa, natives and citizens of the Philippines, petition for review of the order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of their appli-

** This disposition is not appropriate for publication and is not precedent except as provid-

cation for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), and we grant the petition for review and remand.

■■■ Substantial evidence does not support the IJ's and BIA's denial of asylum. Although the IJ's and BIA's decision that Gayapa did not establish past persecution is supported, evidence in the record shows that Gayapa does establish a well-founded fear of persecution on account of a protected ground. Gayapa established a nexus by credibly testifying that members of the New People's Army targeted him on ideological grounds. *See Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc). Gayapa also established an objectively reasonable fear of future persecution, based on death threats and extortion. *See Marcos v. Gonzales,* 410 F.3d 1112, 1121 (9th Cir.2005). Further, in light of the country conditions evidence in the record, the IJ's and BIA's decision that Gayapa could reasonably relocate within the Philippines is not supported by substantial evidence. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1071 (9th Cir.2003). Accordingly, we grant the petition for review and remand to the BIA for further proceedings regarding Gayapa's eligibility for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■■■ Gayapa has waived any challenge to the denial of CAT relief by failing to raise it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

ed by 9th Cir. R. 36–3.

**PETITION FOR REVIEW GRANT-ED and REMANDED.**